UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

KEITH JOHNSON, M.D.,
bringing this action on behalf of the
United States of America,
LAURA SCHMIDT, R.N.,
bringing this action on behalf of the
United States of America,

                              Plaintiffs,

                                                                        DECISION AND ORDER

                                                                        07-CV-6149L

                              v.

THE UNIVERSITY OF ROCHESTER
MEDICAL CENTER,
STRONG MEMORIAL HOSPITAL,

                              Defendants.
_____

On March 5, 2010, defendants filed a motion for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure (Dkt. #26). Specifically, defendants request that the Court impose sanctions on plaintiff Johnson and his counsel, Christina A. Agola, for attempting to introduce an amended pleading that includes allegations wholly lacking in evidentiary or legal support. For the reasons detailed below, that motion is granted.

**FACTS**

The Court presumes familiarity with the underlying facts, summarized here. This *qui tam* action alleged claims of Medicare and Medicaid fraud and retaliation against defendants. On

December 31, 2008, in response to a motion to dismiss made by the defendants, Johnson moved to amend the complaint (Dkt. #18) to add supplemental claims of libel per se and prima facie tort against all of the initial defendants, as well as to add Dr. Stewart Lustik as a defendant. The new claims were premised upon plaintiff's allegation that, "Dr. Lustik, despite being previously warned to cease and desist targeting Relator Johnson nonetheless saw fit to publish, in or about the summer of 2008, **unsolicited**, a negative reference to the State of Delaware Board of Medical Practice, dated November 15, 2006 . . . (Dkt. #18-1) (emphasis in original). It was later revealed, however, that the publication to which plaintiff referred had been solicited by him with the assistance of his counsel, and furthermore that plaintiff had signed a release authorizing its publication in the precise manner of which he complained in the proposed amended complaint.

## DISCUSSION

> Fed. R. Civ. Proc. 11, in its most pertinent part, provides that:
> By presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the claims, defenses, and other legal contentions therein are warranted by existing law [and that] the allegations and other factual contentions have evidentiary support..."

Fed. R. Civ. P. 11(b).

When sanctions are sought for a Rule 11 violation, the Court must focus upon determining "the attorney's knowledge and conduct at the time the [paper] was signed." *Savino v. Computer Credit, Inc.*, 164 F.3d 81, 88 (2d Cir. 1998). In so doing, the court should question whether it was objectively reasonable for counsel to have made the disputed factual contentions, and should avoid

imposing sanctions "unless a particular allegations is utterly lacking in support." *In re Highgate Equities, Ltd.*, 279 F.3d 148, 154 (2d Cir. 2002); *Margo v. Weiss*, 213 F.3d 55, 65 (2d Cir. 2000). Sanctions may be appropriate "where, after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well-grounded in fact and warranted by existing law." *W.K. Webster & Co. v. American President Lines, Ltd.*, 32 F.3d 665, 670 (2d Cir. 1994).

Initially, plaintiff opposes the motion for sanctions on the grounds that the defendants did not achieve full technical compliance with the 21-day "safe harbor" provision of Rule 11(c)(2). Fed. R. Civ. Proc. 11(c)(2). That provision, which requires a party moving for sanctions to serve a copy of the proposed motion on the nonmovant at least 21 days prior to moving for sanctions, is designed to provide the nonmovant with "notice of the alleged [Rule 11] violation and an opportunity to respond before sanctions are imposed . . . [thus] a party will not be subject to sanctions [unless] it refuses to withdraw [a baseless] position or to acknowledge candidly that it does not currently have evidence to support a specified allegation." Fed. R. Civ. Proc. 11, Annotations on 1993 Amendments. To this end, strict compliance with Rule 11(c)(2) may be excused where a party has placed its opponent on written notice of its intent to seek sanctions, invoking Rule 11 and describing the deficiencies in the nonmovant's claims, and where the opponent had at least 21 days thereafter during which the claims could have been withdrawn. *See e.g., Pannonia Farms, Inc. v. USA Cable*, 2004 WL 1276842 (S.D.N.Y. 2004); *The Carlton Gp., Ltd. v. Tobin*, 2003 WL 21782650 (S.D.N.Y. 2003).

Here, defendants requested Rule 11 sanctions relative to plaintiff's proposed new claims at the earliest opportunity after those claims were asserted – in their papers opposing plaintiff's motion

to amend, which were filed on January 14, 2009. (Dkt. #19, #20). Those papers explicitly invoked Rule 11, and exhaustively briefed the legal deficiencies, as well as provided documentary evidence of factual misstatements, in plaintiff's libel per se and prima facie tort claims. *Id*. In the eleven months that followed, plaintiff declined to file a reply in further support of the motion to amend, or to otherwise respond to the request for sanctions, nor did plaintiff make any attempt to withdraw the motion to amend. Indeed, plaintiff not only permitted the claims to remain during the pendency of the defendants' motion to dismiss and his own cross motion to amend, but continued to press the frivolous claims *even after they had been dismissed*, filing what amounted to a motion for reconsideration, styled as a motion for relief from the judgment (Dkt. #34) on March 22, 2010, which was subsequently denied (Dkt. #43).

For purposes of Rule 11(c)(2), I therefore find that plaintiff and his counsel were placed on specific written notice concerning the deficiencies in plaintiff's claims and the danger of Rule 11 sanctions, and were thereafter afforded at least 21 days – indeed, more than eleven months – to consider and withdraw those frivolous claims prior to any potential imposition of sanctions. Moreover, given plaintiff's dogged attempt to resurrect the frivolous claims even after the Court denied the motion to amend on the grounds that those claims were so legally and factually baseless as to be subject to dismissal, there is no basis to conclude that plaintiff would have acted any differently – that is, that he would have exercised any opportunity to withdraw his claims – had strict compliance with Rule 11(c)(2) been effected.

In light of these facts, I find that plaintiff has not been prejudiced by defendants' failure to strictly comply with the technical requirements of Rule 11(c)(2), and such compliance is excused.

Moreover, even if defendants' non-compliance with the 21-day requirement was fatal to their motion for sanctions under Rule 11, the Court would nonetheless be moved to exercise its discretion to levy identical sanctions under 28 U.S.C. §1927, for all of the same reasons. *See generally Int'l Brotherhood of Teamsters*, 948 F.2d 1138, 1145 (2d Cir. 1991)(an award of sanctions pursuant to Section 1927 is appropriate "when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose").

Turning to the merits of defendants' Rule 11 motion, the Court reaches the inescapable conclusion that plaintiff's counsel has relentlessly pursued claims which she could not have reasonably believed had a basis in fact or law.

In moving to amend the complaint, Johnson's counsel alleged and emphasized that Dr. Lustik's conduct was "**unsolicited**" and that he unilaterally "saw fit to publish" a defamatory November 15, 2006 report, despite knowing full well that she herself had asked – in writing – for the Verification Form to be completed. She was also fully aware that her client had signed two separate releases requesting and authorizing publication of the Verification Form – with the express acknowledgment that the November 15, 2006 statement was attached – first to her, and then to the Delaware Board. (Dkt. #19-1, Exhs. A-F). Indeed, it was plaintiff's counsel who acted as the intermediary between plaintiff and defendants, requesting completion of the Verification Form, forwarding the releases to her client for signature, and then returning them to defendants. *Id*. Thus, when plaintiff's counsel drafted a proposed amended complaint which baldly accused Dr. Lustik of libel and prima facie tort for having published a document "**unsolicited**," she knew that the

publication was anything but unsolicited, and in fact, had been solicited by her client, with her assistance.

Assuming *arguendo* that such factual omissions, however misleading, might not be sufficiently egregious to merit sanctions by themselves, I find that in conjunction with the fact that plaintiff's claims were wholly lacking in legal support, the circumstances surrounding plaintiff's flawed motion to amend cry out for sanctions. As the Court explained in detail in its February 18, 2010 Decision denying plaintiff's motion to amend (Dkt. #24), plaintiff's libel per se and prima facie tort claims were wholly meritless. Plaintiff's counsel, an experienced litigator in federal court, knew or should have known that plaintiff's prima facie tort claim was insufficiently stated, and that the releases signed by her client operated as a complete defense to both of the newly asserted claims. Furthermore, even if these points of law had escaped her attention initially, defendants' motion to dismiss elucidated the claims' deficiencies in detail, and provided counsel with a nearly year-long window of opportunity to withdraw the motion to amend, which counsel ignored. Finally, even if plaintiff's counsel mistakenly believed that there was some novel legal underpinning for her client's claims, or that there was any equitable basis for the Court to ignore precedent and rewrite the law with respect to them, those doubts should have been put to rest with the Court's decision denying the motion to amend on the grounds that the claims were subject to dismissal on both factual and legal grounds. (Dkt. #24).

Given the bad faith inherent in counsel's attempt to place facts in a pleading which she knew firsthand to be misleading at best and utterly untrue at worst, and counsel's inexplicable refusal to withdraw the frivolous claims for nearly a year, even after their baselessness had been precisely identified and briefed by defendants, I find that an award of monetary sanctions is appropriate in this case. In support of their motion, defendants have provided the Court with detailed time records

reflecting the work performed by their counsel in opposition to the plaintiff's baseless motion to amend, totaling $8,399.00. The Court has reviewed these records and is satisfied that they are consistent with the legal fees charged in this area, and that the time expended was reasonable.

## CONCLUSION

Defendants' motion for sanctions (Dkt. #26) is hereby granted, and plaintiff's counsel is ordered to personally remit to defendants the sum of $8,399.00, within ten days of entry of this Order.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       June 3, 2010.